# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| ANA JIMENEZ | § | |
| | § | |
| v. | § | NO.  A-11-CV-292 SS |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Court submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Dkt. #17); Brief in Support of the Commissioner's Decision (Clerk's Dkt. #19); Plaintiff's Reply Brief (Clerk's Dkt. #20) and the Social Security Record filed in this case ("Tr.").

## I.    PROCEDURAL HISTORY

Plaintiff Ana Jimenez ("Jimenez") filed for disability benefits on September 29, 2008, alleging disability beginning April 23, 2008. (Tr. 143). Plaintiff's claim was denied at the administrative level, and a hearing was conducted before Administrative Law Judge ("ALJ") C.F. Moore on October 21, 2009. (Tr. 37). The ALJ issued an unfavorable decision on May 5, 2010. (Tr. 16). Jimenez appealed. (Tr. 13). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on February 24, 2011. (Tr. 5). Jimenez filed this action seeking judicial review of the ALJ's decision on April 12, 2011. (Clerk's Dkt. #1).

## II.  LEGAL STANDARDS

**A.**     **Legal Standard of Review**

Judicial review in social security cases is limited by statute.  42 U.S.C. § 405(g); *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).  The district court reviews the record to determine whether the Commissioner's decision is legally correct and supported by substantial evidence. *Austin v. Shalala,* 994 F.2d 1170, 1174 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  Substantial evidence is defined as "relevant evidence that a reasonable mind might accept to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427  (1971). It is more than a scintilla, but less than a preponderance. *Id.* The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir. 1988).  However, the court must scrutinize the entire record to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988).

**B.**     **Administrative Definitions and Standards**

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met.  42 U.S.C. § 423.  The Act defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases, which the undersigned summarizes as follows:

1.      The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.      The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.      The hearing officer must then determine if the impairment equals or exceeds in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4.      If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5.      If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987). The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## III.   RELEVANT BACKGROUND

During her administrative hearing, Jimenez's counsel argued that Jimenez met a listed impairment under 20 C.F.R. Part 404, Subpart P, App. 1. Listing 1.04: "[w]e're here today because as [the ALJ] mentioned [Jimenez has] got [...] neck pain and lower lumbar pain as well, it radiates

to her right leg, right lower extremity. So as far as the legal theory is we're pointing to listing 1.04."
(Tr. 40). In support of this claim, her counsel referenced an MRI dated October 3, 2008, opinions
from a consultative exam in December 2008, and the complaints Jimenez made as a result of her
back impairments. (Tr. 40-41).

In his decision at step two of the sequential analysis, the ALJ found Jimenez suffered from
a number of severe impairments, including "cervical and lumbar disc disease" and "status post C6-7
fusion." (Tr. 21). At step three, the ALJ found Jimenez "did not have an impairment or combination
of impairments that meets or medically equals one of the listed impairments." (Tr. 22). The ALJ also
made the broad finding that the "signs, symptoms and history of treatment presented in the evidence
of record are inconsistent with any impairment of listing-level severity." (*Id.*). Although the ALJ
discussed Jimenez's mental impairments and specifically addressed Listings 12.04 and 12.07**,** he did
not address with specificity Jimenez's back-related impairments nor did he mention Listing 1.04.
(*Id.*).

At steps four and five of his analysis, the ALJ addressed with specificity Jimenez's neck and
back pain. (Tr. 24-28). In these later steps, the ALJ addressed the findings of Dr. Kumar
Sathianathan ("Sathianathan"), who performed an internal medicine consultative examination at the
request of Disability Determination Services:

> Dr. Sathianathan reviewed the MRI studies performed in October 2008 and
> concluded that the claimant had cervical and lumbar radiculopathy, as the studies
> showed evidence of nerve impingement and her examination showed restricted
> movement of her neck and back. Dr. Sathianathan gave no indication of what, if any,
> physical limitations the claimant might have. Moreover, it is noted that Dr.
> Sathianathan is not an orthopedic specialist and, therefore, his interpretation of MRI
> studies or physical examination results do not carry as much weight as that of a
> specialist in the area of spinal disease. As to his conclusion that the claimant has
> cervical and lumbar radiculopathy, it is noted that he makes no findings regarding

4

> motor strength in the extremities, but that he does note normal sensation in the lower extremities. He makes no finding regarding sensation in the upper extremities. The fact that there are no findings of weakness, reflex or sensory loss in the extremities tends to indicate that claimant does not have radiculopathy. This is consistent with the conclusions of her treating physicians at the emergency room. On only one occasion, after sustaining injuries in a motor vehicle accident, was she diagnosed with radiculopathy, which was acute (not chronic) due to trauma of the injury. Even then, it was noted that she had no sensory loss or motor deficits.

(Tr. 26). The ALJ also addressed Jimenez's claim that her symptoms of pain were so severe as to render her unable to perform all work activities on a sustained basis:

> The undersigned is not persuaded that claimant's symptoms of pain are severe enough to render her unable to perform all work activities on a sustained basis. The medical evidence reveals relatively benign objective findings. As noted, the absence of reflex changes, motor deficits, or sensory loss tends to indicate that claimant does not have significant nerve or cord impingement. The fact that claimant has not sought treatment from a specialist for her symptoms of pain, and the fact that she uses no pain medications for allegedly disabling symptoms, leads the undersigned to the conclusion that claimant's symptoms are not as frequent and intense as she alleges. Although she alleges that she is unable to afford to see a specialist or to buy prescription medications, it is noted that she has not availed herself of indigent health care in order to obtain additional medical treatment. It is further noted that the claimant's daily activities are not limited to the extent one would expect, given her complaints of disabling pain. She is able to attend to her personal care, perform most household chores, except mopping and heavy bathroom cleaning, do laundry and prepare meals at her own pace, drive, shop for groceries, and care for her two children. It is concluded, however, that claimant's allegations are credible to the extent that her symptoms preclude her from heavy lifting or prolonged sitting, standing, or walking.

(Tr. 27).

## IV. ISSUES

Jimenez attacks the ALJ's decision that she is not "disabled" and presents for review the following issues: (1) whether the ALJ erred by failing to evaluate whether Jimenez's impairments met Listing 1.04(A); (2) whether the ALJ erred in his evaluation of Sathianathan's medical opinion; and (3) whether the ALJ erred in his evaluation of Jimenez's credibility.

### V.  ANALYSIS

For the reasons that follow, the Court recommends that the Commissioner's decision be reversed and remanded for proceedings consistent with this opinion.

### A.    The ALJ Did Not Address Listing 1.04 at Step Three

Jimenez contends the case should be reversed and remanded because the ALJ erred by not evaluating whether Jimenez was disabled under Listing 1.04, despite the fact that Jimenez's counsel argued that Jimenez met Listing 1.04 and offered evidence in support of that theory. (Tr. 40). Specifically, her counsel pointed to Jimenez's October 3, 2008 MRI, Sathianathan's consultative exam results, and the consistence of the Jimenez's complaints regarding her back impairments. (Tr. 40-41).

As noted above, the ALJ found that Jimenez had the severe impairments of "cervical and lumbar disc disease" and "status post C6-7 fusion." (Tr. 21). At step three, the ALJ addressed plaintiff's mental impairments and why they did not meet any Listing but did not specifically address Claimant's back impairments. (Tr. 22-23). The ALJ did not identify Listing 1.04 nor did he provide any explanation as to how Jimenez's back-related symptoms were insufficiently severe to meet Listing 1.04. Despite this, the ALJ concluded that the claimant did not have an "impairment or combination of impairments that meets or medically equals one of the listed impairments." (Tr. 22).

The Social Security Act requires the ALJ to discuss the evidence offered in support of a claim for disability and to explain why he found claimant not to be disabled at that step. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Although the ALJ is not always required to do an exhaustive point-by-point discussion, the ALJ in this case offered nothing to support his conclusion concerning Claimant's back impairments, and, as a result, this Court, "as a reviewing court, simply cannot tell

whether [his] decision is based on substantial evidence or not." *Id.* (quoting *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

Having determined the ALJ erred in failing to state any reason for his adverse determination regarding Claimant's back-related impairments at step three of the analysis, this Court must still determine whether the error was harmless. *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1998). *See also Mays v. Bowen*, 837 F.2d 1362, 1363 (5th Cir. 1988) ("[p]rocedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected").

Jimenez contends that her disability meets the criteria as set forth in Listing 1.04(A) with respect to spinal disorders, which requires Claimant show:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); ...

20 C.F.R. Part 404, Subpt. P, App. 1, § 1.04. "To demonstrate the required loss of function for a musculoskeletal impairment, [Plaintiff] must demonstrate either an 'inability to ambulate effectively on a sustained basis . . . , or the inability to perform fine and gross movements effectively on a sustained basis.'" *Audler*, 501 F.3d at 449 (quoting 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.00(B)(2)).  The record indicates Jimenez submitted evidence of two MRIs in October 2008 showing symptoms of spinal disorders resulting in compromise of a nerve root: the first was an MRI of her lumbar spine that showed an annular tear causing "mild right lateral recess stenosis and contacting of the right S1 root" and the second was an MRI of her cervical spine that showed

"foraminal stenosis" and "mild central stenosis." (Tr. 348-349). The record further indicates that Jimenez submitted evidence that her examining physician, treating physical therapist, and emergency and clinic doctors all found she had decreased range of motion in her spine. (Tr. 238, 248, 334). Specifically, her treating physical therapist found decreased strength and trunk active range of motion. (Tr. 238). On December 18, 2007, Dr. Brent Davis found Jimenez's thoracic range of motion impacted,  and found flexion decrease of 50% and rotation right and left decrease of 75% due to pain. (Tr. 248). On December 12, 2008, Sathianathan found mild restriction of movement on rotation of the neck and pain with rotation of the torso. (Tr. 334).  Over the course of various medical appointments, Jimenez consistently reported symptoms of pain, tingling, and numbness in her leg and shoulder area. (Tr. 228, 232, 238, 248, 255, 259, 307). She has had positive straight leg tests at 60 degrees. (Tr. 334).  And Sathianathan opined Jimenez had nerve root impingement and symptoms of radiculopathy. (Tr. 335). Absent some explanation from the ALJ to the contrary, Jimenez would appear to have met her burden of demonstrating that she meets the listing requirements for Listing 1.04(A).

The Commissioner responds that Plaintiff's argument fails because she cannot satisfy the criteria as set forth in Listing 1.04(A). (Br. in Supp. of the Commissioner's Decision at 5). In support, the Commissioner cites medical evidence from the record not referenced in the ALJ's decision, as well as the ALJ's findings in his step four and five analyses.  As to the evidence not cited in the ALJ's decision, the Commissioner asks  this Court to look beyond the bounds of the ALJ's decision to uphold the Commissioner's determination that Plaintiff is not disabled. The inquiry proposed by the Commissioner is beyond the scope appropriate for a district court in reviewing appeals of disability determinations. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.

2000) (court does not reweigh evidence in record, try issues de novo, or substitute its judgment for Commissioner's).[1]

As to the Commissioner's citation to portions of the ALJ's decision concerning the medical history of Jimenez's back-related impairments, these citations are not in the ALJ's step three analysis. When the ALJ determined Jimenez's residual functional capacity in steps four and five, he thoroughly examined the medical records relating to Jimenez's back-related impairments. But he did not analyze this evidence in light of the criteria as set forth in Listing 1.04, despite the fact that Jimenez's counsel explicitly pointed out Listing 1.04 to the ALJ. As such, it is beyond this Court's appropriate scope of review to extrapolate from steps four and five whether Jimenez met the Listing 1.04 criteria at step three. *See Audler* at 448, n. 1 (rejecting magistrate and district court's affirmation of the Commissioner, based on substantial evidence supporting ALJ's determination at steps four and five, that failed to address ALJ's lack of explanation at step three).

Had the ALJ properly reviewed Jimenez's medical evidence in light of the Listing 1.04, it is possible he could have found her disabled. Thus, the error here is not harmless, and Jimenez's substantial rights were affected. Accordingly, this case should be reversed and remanded for further administrative proceedings.

---

[1]*See also Bagwell v. Barnhart*, 338 F. Supp. 2d 723, 735 (S.D. Tex 2004) (declining to consider Commissioner's argument that record contradicted ALJ's conclusion as to level of impairment because court is limited to addressing reasons set forth in ALJ's decision); *Augustine v. Barnhart*, 2002 WL 31098512, at *10 n.17 (E.D. Tex. Aug. 27, 2002) (even if court is able to discern record evidence supporting decision, remand required because district court does not have authority to make de novo determinations of Social Security disability claims). *See also Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) ("[i]t is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so"); *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008) (reviewing courts do not consider rationales supporting ALJ's decision that are not invoked by ALJ).

Although the Court need not address Jimenez's other arguments, in order to provide guidance on these issues, the Court will address them briefly.

### B.        The ALJ Properly Considered Dr. Sathianathan's Opinions

Jimenez contends this case should be reversed and remanded because the ALJ failed to properly evaluate the opinion of Sathianathan.  Jimenez claims the ALJ, in dismissing Sathianathan's opinions, only cited evidence supporting the ALJ's conclusions and did not address evidence supporting Sathianathan's opinions. Specifically, Jimenez argues the ALJ did not consider Sathianathan's findings that Jimenez demonstrated limited range of motion and evidence of spasms in her lumbar region and neck, Sathianathan's observation of straight leg raises bilaterally at 60 degrees, and Sathianathan's review of Jimenez's October 2008 MRIs in which he noted evidence of nerve root contact.

As the sole legal basis for this claim, Jimenez argues an "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Morgan v. Astrue*, 2010 WL 2697170, at *8 (N.D.Tex. July 7, 2010) (quoting *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). In *Morgan*, the Court remanded because the ALJ failed to mention a treating physician or "any of his medical opinions, weigh his opinion against another medical opinion, find that one opinion was more well-founded than the other, or attempt to show good cause for rejecting that opinion." *Morgan*, 2010 WL 2697170 at *8.

The present case is factually distinct. Here, Sathianathan was not Jimenez's treating physician, and the ALJ discussed in some length why he rejected Sathianathan's finding of radiculopathy. Regarding Sathianathan's findings of cervical and lumbar radiculopathy, based on evidence of nerve impingement and restricted movement of her neck and back, the ALJ noted that

Sathianathan gave no indication of what physical limitations Jimenez might have. (Tr. 26). The ALJ recognized Sathianathan findings regarding motor strength and sensation in the extremities and compared those findings with those of Jimenez's treating physicians at the emergency room to conclude that Jimenez does not have radiculopathy. (*Id.*). Although the ALJ did not address every facet of Sathianathan's evaluation, the ALJ did recognize Sathianathan's findings of radiculopathy, including specific mention of the MRI results and findings of limited range of motion.  (*Id.*). Unlike in *Morgan*, the ALJ neither failed to mention Sathianathan and his medical opinion nor did the ALJ fail to weigh Sathianathan's opinion and show good cause for rejecting it. Moreover, "the ALJ has sole responsibility for determining a claimant's disability status. The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Vansa v. Astrue*, 423 Fed.Appx. 381, 383 (5th Cir. 2011) (quoting *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). Here, the ALJ considered Sathianathan's opinion and rejected it based upon evidence supporting a contrary conclusion. The ALJ's decision is thus legally correct and supported by substantial evidence. Consequently, Jimenez does not succeed on this claim.

### C.  The ALJ Properly Determined Plaintiff's Credibility

Jimenez also contends her case should be reversed and remanded because the ALJ failed to support his rejection of Jimenez's credibility with substantial evidence. Jimenez states the ALJ found her claimed symptoms not credible because: (1) the medical evidence showed no evidence of significant nerve or cord impingement; (2) Jimenez failed to seek treatment; and (3) her activities of daily living contradict her complaints of disabling pain. Jimenez argues the ALJ ignored evidence contradicting these findings.

The Fifth Circuit has held "that a resolution of conflicts between the subjective evidence and the medical evidence should depend upon the ALJ's evaluation of the credibility of the claimant's complaints of pain." *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988) (citing *Carry v. Heckler*, 750 F.2d 479, 485 (5th Cir. 1985)). The ALJ's reasons for credibility finding must be grounded in the evidence and articulated in the decision. Social Security Ruling 96-7P, 1996 WL 374186, at *4 (July 2, 1996).

Regarding the ALJ's finding of no evidence of significant nerve or cord impingement, the ALJ stated the "medical evidence reveals relatively benign objective findings" and the "absence of reflex changes, motor deficits, or sensory loss tends to indicate that claimant does not have significant nerve or cord impingement." (Tr. 27). Jimenez cites other evidence, including Sathianathan's opinions, in an attempt to counter the ALJ's finding. As discussed above, it is not appropriate for this Court to reweigh the evidence. *Newton*, 209 F.3d at 455 (court does not reweigh evidence in record, try issues de novo, or substitute its judgment for Commissioner's). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). As set forth above, substantial evidence is merely more than a scintilla and less than a preponderance. Here, the Commissioner cited medical evidence in the record in reaching his conclusion, and thus the Court may not reweigh evidence to substitute its judgment for the Commissioner's.

Regarding Jimenez's failure to seek treatment, the ALJ accurately pointed out that "[a]lthough she alleges that she is unable to afford to see a specialist or to buy prescription medications, it is noted that she has not availed herself of indigent health care in order to obtain

additional medical treatment." (Tr. 27). Jimenez argues that she testified that she made various efforts to find low cost healthcare but failed. Specifically, Jimenez stated she attempted to use a community clinic but they would not see her. (Tr. 68). She also testified that she had applied for Medicaid and been rejected because she had not filled out a certain paper regarding her daughter's child support. (*Id.*).

The Commissioner responds that Jimenez has provided no documentation of these efforts. Social Security Ruling 82-59 states than an individual's failure to follow prescribed treatment will be considered justified if she is unable to afford prescribed treatment and free community resources are unavailable; however, "[a]ll possible resources (e.g., clinics, charitable and public assistance agencies, etc.), must be explored. Social Security Ruling 82-59, 1982 WL 31384, at *4 (1982). Contacts with such resources and the claimant's financial circumstances must be documented." *Id.* Since Jimenez provided no documentation of her efforts to obtain treatment, the ALJ did not err in finding that Jimenez did not avail herself of indigent health care in order to obtain additional medical treatment.

Regarding Jimenez's daily living activities, the ALJ found:

[Jimenez's] daily activities are not limited to the extent one would expect, given her complaints of disabling pain. She is able to attend to her personal care, perform most household chores, except mopping and heavy bathroom cleaning, do laundry and prepare meals at her own pace, drive, shop for groceries, and care for her two children.

(Tr. 27). Jimenez points to portions of her testimony that counter the ALJ's findings. As noted above, this Court is not permitted to reweigh evidence or to substitute its judgment for the Commissioner's. The ALJ provided substantial record evidence and thus the Commissioner's decision is given deference.

Accordingly, Jimenez does not succeed in her claim that the ALJ failed to support his rejection of Jimenez's credibility with substantial evidence.

## VI.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **REVERSE** the decision of the Commissioner and **REMAND** the case for the ALJ to properly perform step three of the disability analysis taking into account Jimenez's back-related impairments and Listing 1.04.

## VII.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

14

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

15